UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS SHALE ECIE,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>DAVID SHAVER,<br><br>　　　　　　　　Respondent. | Case No. 4:22-12583<br>Honorable Shalina D. Kumar<br>Mag. Judge Elizabeth A. Stafford |

### OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Marcus Shale Ecie, presently on parole supervision through the Wayne County Parole Office,[1] filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for reckless driving causing death, M.C.L. 257.626(4). Respondent filed a motion to dismiss the petition on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas

---

[1] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

corpus is summarily denied with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

## I. Background

Petitioner was originally charged with second-degree murder, reckless driving causing death, reckless driving causing serious impairment of bodily function, and operating under the influence causing death. Petitioner pleaded *nolo contendere* in the Wayne County Circuit Court to the reckless driving causing death charge, in exchange for the dismissal of the other charges and an agreement that petitioner would be sentenced to 5 to 15 years in prison. *See* ECF No. 8-7. On October 26, 2017, petitioner was sentenced to 5 to 15 years in prison. ECF No. 8-8, PageID.283. Petitioner never filed a direct appeal from his conviction.

On June 21, 2019, petitioner, through counsel, filed a post-conviction motion for relief from judgment in the trial court. *See* ECF No. 8-1, PageID.50. The trial judge denied the motion on May 4, 2020. *People v. Ecie,* No. 16-009293-FC (Wayne Cty. Cir. Ct. May 4, 2020), ECF No. 8-10. The Michigan Court of Appeals denied leave to appeal. *People v. Ecie,* No. 355702 (Mich. Ct. App. Feb. 26, 2021), ECF No. 8-11, PageID.335. Collateral review of petitioner's conviction ended in the state courts on October 8, 2021, when the Michigan Supreme Court denied petitioner

leave to appeal the denial of his post-conviction motion. *People v. Ecie*, 964 N.W.2d 592 (Mich. 2021).

Petitioner's habeas petition was filed with the Court on October 27, 2022, although the envelope for the petition is postmarked October 11, 2022. ECF No. 1, Page 8. For purposes of calculating the statute of limitations, the Court considers the petition filed on October 11, 2022, the date it was postmarked, rather than the date it was actually filed with the Court. *See Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010).

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007); *See also Elliott v. Mazza*, 2019 WL 1810920, at * 1–2 (6th Cir. Jan. 8, 2019) (holding petitioner's request for a certificate of appealability denied after district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, § 2244(d)'s one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).

This Court at the outset must determine when petitioner's conviction became "final" for purposes of determining when the limitations period began running. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). Under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

4

Petitioner was sentenced on October 26, 2017. Petitioner had six months from the date of his sentence pursuant to M.C.R. 7.205(F)(3) to file a delayed application for leave to appeal. Petitioner never filed a direct appeal from his conviction, so his judgment of sentence became final, within the meaning of § 2244(d)(1)(A), on April 26, 2018—six months after his sentencing and the period for filing a direct appeal in the Michigan Court of Appeals pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Thus, petitioner had until April 26, 2019 to timely file a petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Petitioner filed his post-conviction motion for judgment in state court on June 21, 2019, after the one-year limitations period expired.[2] Petitioner argued in that motion that a report and an affidavit from Investigator C. William Howe was newly discovered evidence supporting his claim that trial counsel was ineffective for advising petitioner to plead *nolo contendere* rather than go to trial.

---

[2] A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718 n.1 (6th Cir. 2002)*.*

Under 28 U.S.C.§ 2244(d)(1)(D), the one year limitations period will begin running from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Bd. of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005). This time commences under § 2244(d)(1)(D) when the factual predicate for a claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). The time period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id*.

Significantly, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772. A habeas

6

petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002). Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F.3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

The limitations period governing a habeas petition which asserts an ineffective assistance of trial counsel claim runs pursuant to § 2244(d)(1)(D) from the date on which the petitioner learns of the underlying facts in support of his or her ineffective assistance of counsel claim. *See Bolton v. Berghuis,* 164 F. App'x 543, 546-47 (6th Cir. 2006).

The Court reviewed Mr. Howe's report and affidavit. The report does not rely on newly discovered evidence, but instead references preliminary examination testimony, police and emergency medical services reports, the medical examiner's report, photographs of the accident scene, interviews with known witnesses, and Howe's own observations of the accident site. ECF No. 8-9, PageID.299-316. All this information was made available to

7

defense counsel in 2017 and presumably to petitioner as well. Mr. Howe's report is dated April 28, 2019, two years after petitioner was sentenced. Petitioner offers no explanation why he waited nearly two years after his conviction to seek out the services of Mr. Howe to assist him with his ineffective assistance of counsel claim. Nor does he explain how any of this additional evidence to support his ineffective assistance of counsel claim could not have been discovered earlier; he does not indicate what steps, if any, he took to discover the additional evidence in support of his claim. Because petitioner has failed to make any showing that he acted with due diligence to find evidence in support of his claim that counsel was ineffective, petitioner is unable to invoke the provisions of § 2244(d)(1)(D) to delay the commencement of the limitations period. *See Bolton,* 164 F. App'x at 546-47*; see also Stokes*, 36 F. App'x at 805.

Moreover, the commencement of the limitations period would not be justifiably delayed until the completion of Mr. Howe's investigative report because petitioner has not shown that the help of an expert was necessary to discover that his counsel had been ineffective for advising him to plead *nolo contendere* instead of taking the case to trial. *See Stokes*, 36 F. App'x at 805.

In any event, even if the Court were to delay the commencement of the limitations period until petitioner and his counsel obtained Mr. Howe's report, the petition would still be untimely because, once the Michigan Supreme Court denied petitioner's post-conviction appeal on October 8, 2021, petitioner had one year from that date, or until October 8, 2022, to file his petition.[3]  The instant petition was not filed until October 11, 2022, three days after the limitations period expired. Thus, the petition is untimely because it was filed more than one year following the conclusion of petitioner's post-conviction proceedings and the end of any tolling of the statute of limitations under § 2244(d)(2). *See Souter v. Jones,* 395 F. 3d 577, 587-88 (6th Cir. 2005).

The statute of limitations under § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the

---

[3] The one-year limitations period would not be tolled further under § 2244(d)(2) during the pendency of a petition for writ of certiorari to the United States Supreme Court which seeks review of the denial of state post-conviction relief, or the time during which a petitioner could seek certiorari review of the denial of his state post-conviction motion. *See Lawrence v. Florida,* 549 U.S. 327, 329 (2007).

habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one-year limitations period because he failed to argue or show that the facts of case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one-year statute of limitations may also be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Any actual innocence exception to § 2244(d)'s statute of limitations is also inapplicable because petitioner pleaded *nolo contendere* to the charge that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his *nolo contendere* plea. *See Connolly v. Howes,* 304 Fed. Appx. 412, 419 (6th Cir. 2008).

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal

12

*in forma pauperis* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

                                        s/Shalina Kumar
                                        Hon. Shalina D. Kumar
                                        United States District Judge

DATED: February 22, 2024